IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 1:25-cv-03979-PAB-CYC

IVON GONZALEZ MARTINEZ;
ADRIAN CUEVAS CASTRUITA;
MARTHA CELENE ARELLANO;
ALEXANDRA CASTRUITA ARELLANO; and
JESUS ARRENDONDO CALDERA,

Plaintiffs,

v.

FRANCES CHRISTINE MENESES; and
MENESES LAW PLLC, a Texas Professional Limited Liability Company,

Defendants.

---

## **ANSWER AND JURY DEMAND**

---

Defendants Frances Christine Meneses and Meneses Law, PLLC, through counsel, submit this Answer to Plaintiffs' Complaint (Dkt. 6).

### **PARTIES**

1. Defendants deny the allegations set forth in paragraph 1 of the Complaint.

2. Defendants deny the allegations set forth in paragraph 2 of the Complaint.

3. Defendants deny the allegations set forth in paragraph 3 of the Complaint.

4. Defendants deny the allegations set forth in paragraph 4 of the Complaint.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Complaint, and therefore deny these allegations.

6.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint, and therefore deny these allegations.

7.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Complaint, and therefore deny these allegations.

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Complaint, and therefore deny these allegations.

9.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Complaint, and therefore deny these allegations.

10.     Defendants admit Frances Christine Meneses is a resident and a citizen of the State of Texas.

11.     Defendants admit that Meneses Law, PLLC is a Texas professional limited liability company with its principal place of business in Houston, Texas and with an office in Broomfield, Colorado.

12.     Defendants admit Frances Christine Meneses is the owner and an employee of Meneses Law, PLLC.

13.     Defendants admit that Frances Christine Meneses was acting in the course and scope of her employment with Meneses Law, PLLC during her representation of her clients, but Defendants deny she acted as alleged in the Complaint except as admitted in this Answer.

## PERSONAL JURISDICTION

14. Defendants admit the law firm has an office in Broomfield, Colorado.

15. Defendants do not contest personal jurisdiction in the State of Colorado.

16. Defendants do not contest personal jurisdiction in the State of Colorado.

17. Defendants do not contest personal jurisdiction in the State of Colorado.

18. Defendants do not contest personal jurisdiction in the State of Colorado.

19. Defendants do not contest personal jurisdiction in the State of Colorado.

20. Defendants do not contest personal jurisdiction in the State of Colorado.

21. Defendants do not contest personal jurisdiction in the State of Colorado.

22. Defendants do not contest personal jurisdiction in the State of Colorado.

23. Defendants do not contest personal jurisdiction in the State of Colorado.

24. Defendants do not contest personal jurisdiction in the State of Colorado.

## VAWA CLAIMS

25. Defendants admit they have a posting on indeed.com.

26. Defendants submit they are on Facebook, Instagram, TikTok, and have a firm web page.

27. Defendants deny the allegations set forth in paragraph 27 of the Complaint.

28. Defendants submit that the Violence Against Women Act and other aspects of immigration law are set forth in the statutes and other legal authorities addressing these issues.

29. Defendants submit that the Violence Against Women Act and other aspects of immigration law are set forth in the statutes and other legal authorities addressing these issues.

30. Defendants submit that the Violence Against Women Act and other aspects of immigration law are set forth in the statutes and other legal authorities addressing these issues.

31. Defendants submit that the Violence Against Women Act and other aspects of immigration law are set forth in the statutes and other legal authorities addressing these issues.

32. Defendants submit that the Violence Against Women Act and other aspects of immigration law are set forth in the statutes and other legal authorities addressing these issues.

33. Defendants submit that the Violence Against Women Act and other aspects of immigration law are set forth in the statutes and other legal authorities addressing these issues.

34. Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43. Defendants deny the allegations set forth in paragraph 43 of the Complaint.

<strong><u>VENUE</u></strong>

44. Defendants admit venue is proper in this court.

<strong><u>MARTINEZ AND CASTRUITA</u></strong>

45. Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46. Defendants admit they entered into a Fee Agreement and Authority to Represent Castruita, a copy of which is attached to the Complaint as Exhibit C.

47. Defendants admit they entered into a Fee Agreement and Authority to Represent Castruita, a copy of which is attached to the Complaint as Exhibit C.

48. Defendants admit they entered into a Fee Agreement and Authority to Represent Castruita, a copy of which is attached to the Complaint as Exhibit C.

49. Defendants admit they entered into a Fee Agreement and Authority to Represent Castruita, a copy of which is attached to the Complaint as Exhibit C.

50. Defendants admit they entered into a Fee Agreement and Authority to Represent Castruita, a copy of which is attached to the Complaint as Exhibit C.

51. Defendants admit they spoke with Castruita to gather information regarding his case.

52. Defendants deny the allegations set forth in paragraph 52 of the Complaint.

53. Defendants deny the allegations set forth in paragraph 53 of the Complaint.

54. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny these allegations.

55. Defendants deny they never told Castruita any information that an abuse allegation would be made against Martinez.

56.     Defendants admit they entered into a Fee Agreement and Authority to represent Castruita, a copy of which is attached to the Complaint as Exhibit C.

57.     Defendants admit they entered into a Fee Agreement and Authority to represent Castruita, a copy of which is attached to the Complaint as Exhibit C.

58.     Defendants admit they represented Castruita in his immigration case.

59.     Defendants admit they represented Castruita in his immigration case.

60.     Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61.     Defendants deny the allegations set forth in paragraph 61 of the Complaint.

62.     Defendants deny the allegations set forth in paragraph 62 of the Complaint.

63.     Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64.     Defendants deny the allegations set forth in paragraph 64 of the Complaint.

65.     Defendants deny the allegations set forth in paragraph 65 of the Complaint.

66.     Defendants deny the allegations set forth in paragraph 66 of the Complaint.

67.     Defendants deny the allegations set forth in paragraph 67 of the Complaint.

68.     Defendants deny the allegations set forth in paragraph 68 of the Complaint.

69.     Defendants deny the allegations set forth in paragraph 69 of the Complaint.

70.     Defendants admit Castruita requested a copy of his client file.

71.     Defendants admit Castruita requested a copy of his client file.

72.     Defendants admit Castruita requested a copy of his client file.

73.     Defendants deny the allegations set forth in paragraph 73 of the Complaint.

74.     Defendants deny the allegations set forth in paragraph 74 of the Complaint.

75.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny these allegations.

76. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny these allegations.

77. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny these allegations.

78. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny these allegations.

79. Defendants deny the allegations set forth in paragraph 79 of the Complaint.

80. Defendants deny the allegations set forth in paragraph 80 of the Complaint.

## LEGAL MALPRACTICE-CASTRUITA

81. Defendants deny the allegations set forth in paragraph 81 of the Complaint, including all subparts.

82. Defendants deny the allegations set forth in paragraph 82 of the Complaint.

83. Defendants deny the allegations set forth in paragraph 83 of the Complaint.

## FRAUD/CONCEALMENT-CASTRUITA

84. Defendants deny the allegations set forth in paragraph 84 of the Complaint.

85. Defendants deny the allegations set forth in paragraph 85 of the Complaint.

86. Defendants deny the allegations set forth in paragraph 86 of the Complaint.

87. Defendants deny the allegations set forth in paragraph 87 of the Complaint.

88. Defendants deny the allegations set forth in paragraph 88 of the Complaint.

89. Defendants deny the allegations set forth in paragraph 89 of the Complaint.

90. Defendants deny the allegations set forth in paragraph 90 of the Complaint.

## **BREACH OF FIDUCIARY DUTY CASTRUITA**

91.     Defendants deny the allegations set forth in paragraph 91 of the Complaint.

92.     Defendants deny the allegations set forth in paragraph 92 of the Complaint.

93.     Defendants deny the allegations set forth in paragraph 93 of the Complaint.

94.     Defendants deny the allegations set forth in paragraph 94 of the Complaint.

95.     Defendants deny the allegations set forth in paragraph 95 of the Complaint.

96.     Defendants deny the allegations set forth in paragraph 96 of the Complaint.

97.     Defendants deny the allegations set forth in paragraph 97 of the Complaint.

98.     Defendants deny the allegations set forth in paragraph 98 of the Complaint.

99.     Defendants deny the allegations set forth in paragraph 99 of the Complaint.

100.    Defendants deny the allegations set forth in paragraph 100 of the Complaint.

101.    Defendants deny the allegations set forth in paragraph 101 of the Complaint.

102. Defendants deny the allegations set forth in paragraph 102 of the Complaint.

103. Defendants deny the allegations set forth in paragraph 103 of the Complaint.

104. Defendants deny the allegations set forth in paragraph 104 of the Complaint.

105. Defendants deny the allegations set forth in paragraph 105 of the Complaint.

<u>**AGUILAR AND ARELLANO**</u>

106. Defendants admit that they entered into a Fee Agreement and Authority to Represent Aguilar, a copy of which is attached to the Complaint as Exhibit G.

107. Defendants admit they entered into a Fee Agreement and Authority to Represent Aguilar, a copy of which is attached to the Complaint as Exhibit G.

108. Defendants admit they represented Aguilar in her immigration case.

109. Defendants admit they represented Aguilar in her immigration case.

110. Defendants admit they spoke with Aguilar in order to prepare her immigration case.

111. Defendants deny the allegations set forth in paragraph 111 of the Complaint.

112. Defendants deny the allegations set forth in paragraph 112 of the Complaint.

113. Defendants admit they entered into a Fee Agreement and Authority to Represent Aguilar, a copy of which is attached to the Complaint as Exhibit G.

114. Defendants admit they entered into a Fee Agreement and Authority to represent Aguilar, a copy of which is attached to the Complaint as Exhibit as Exhibit G.

115. Defendants admit they represented Aguilar in her immigration case.

116. Defendants admit they represented Aguilar in her immigration case.

117. Defendants deny the allegations set forth in paragraph 117 of the Complaint.

118. Defendants deny the allegations set forth in paragraph 118 of the Complaint.

119. Defendants deny the allegations set forth in paragraph 119 of the Complaint.

120. Defendants deny the allegations set forth in paragraph 120 of the Complaint.

121. Defendants deny the allegations set forth in paragraph 121 of the Complaint.

122. Defendants deny the allegations set forth in paragraph 121 of the Complaint.

123. Defendants deny the allegations set forth in paragraph 123 of the Complaint.

124. Defendants deny the allegations set forth in paragraph 124 of the Complaint.

125. Defendants admit that Aguilar requested a copy of her client file.

126. Defendants admit that Aguilar requested a copy of her client file.

127. Defendants admit that Aguilar requested a copy of her client file.

128. Defendants deny the allegations set forth in paragraph 128 of the Complaint.

129. Defendants deny the allegations set forth in paragraph 129 of the Complaint.

130. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny these allegations.

131. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny these allegations.

132. Defendants deny the allegations set forth in paragraph 132 of the Complaint.

## **LEGAL MALPRACTICE- AGUILAR**

133. Defendants deny the allegations set forth in paragraph 133 of the Complaint, including all subparts.

134. Defendants deny the allegations set forth in paragraph 134 of the Complaint.

135. Defendants deny the allegations set forth in paragraph 135 of the Complaint.

## **FRAUD/CONCEALMENT-AGUILAR**

136. Defendants deny the allegations set forth in paragraph 136 of the Complaint.

137. Defendants deny the allegations set forth in paragraph 137 of the Complaint.

138. Defendants deny the allegations set forth in paragraph 138 of the Complaint.

139. Defendants deny the allegations set forth in paragraph 139 of the Complaint.

140. Defendants deny the allegations set forth in paragraph 140 of the Complaint.

141. Defendants deny the allegations set forth in paragraph 141 of the Complaint.

142. Defendants deny the allegations set forth in paragraph 142 of the Complaint.

## BREACH OF FIDUCIARY DUTY-AGUILAR

143. Defendants deny the allegations set forth in paragraph 143 of the Complaint.

144. Defendants deny the allegations set forth in paragraph 144 of the Complaint.

145. Defendants deny the allegations set forth in paragraph 145 of the Complaint.

146. Defendants deny the allegations set forth in paragraph 146 of the Complaint.

147. Defendants deny the allegations set forth in paragraph 147 of the Complaint.

148. Defendants deny the allegations set forth in paragraph 148 of the Complaint.

149. Defendants deny these allegations set forth in paragraph 149 of the Complaint.

150. Defendants deny these allegations set forth in paragraph 150 of the Complaint.

151. Defendants deny the allegations set forth in paragraph 151 of the Complaint.

152. Defendants deny the allegations set forth in paragraph 152 of the Complaint.

153. Defendants deny the allegations set forth in paragraph 153 of the Complaint.

154. Defendants deny the allegations set forth in paragraph 154 of the Complaint.

155. Defendants deny the allegations set forth in paragraph 155 of the Complaint.

156. Defendants deny the allegations set forth in paragraph 156 of the Complaint.

### CALDERA

157. Defendants admit they entered into a Fee Agreement with Caldera, which is attached to the Complaint as Exhibit K.

158. Defendants admit they entered into a Fee Agreement with Caldera, which is attached to the Complaint as Exhibit K.

159. Defendants admit they entered into a Fee Agreement with Caldera, which is attached to the Complaint as Exhibit K.

160. Defendants admit they entered into a Fee Agreement with Caldera, which is attached to the Complaint as Exhibit K.

161. Defendants admit they entered into a Fee Agreement with Caldera, which is attached to the Complaint as Exhibit K.

162. Defendants admit they spoke with Caldera to gather information regarding his case.

163. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny these allegations.

164. Defendants admit they entered into a Fee Agreement with Caldera, which is attached to the Complaint as Exhibit K.

165. Defendants deny the allegations contained in paragraph 165 of the Complaint.

166. Defendants deny the allegations contained in paragraph 166 of the Complaint.

167. Defendants admit they exchanged text messages with Caldera to gather information regarding his case.

168. Defendants admit they exchanged text messages with Caldera to gather information regarding his case.

169. Defendants deny the allegations contained in paragraph 169 of the Complaint.

170. Defendants deny the allegations contained in paragraph 170 of the Complaint.

171. Defendants deny the allegations contained in paragraph 171 of the Complaint.

172. Defendants deny the allegations contained in paragraph 172 of the Complaint.

173. Defendants deny these allegations set forth in paragraph 173 of the Complaint.

174. Defendants admit they represented Caldera in his immigration case.

175. Defendants admit they entered into a Fee Agreement with Caldera, which is attached to the Complaint as Exhibit K.

176. Defendants admit they entered into a Fee Agreement with Caldera, which is attached to the Complaint as Exhibit K.

177. Defendants admit Caldera requested a copy of his client file.

178. Defendants admit they refunded $5,550 to Caldera.

179. Defendants deny the allegations set forth in paragraph 179 of the Complaint.

180. Defendants admit they earned $3,500 in their representation of Caldera.

181. Defendants deny the allegations set forth in paragraph 181 of the Complaint.

182. Defendants deny the allegations set forth in paragraph 182 of the Complaint.

### FRAUD IN THE INDUCMENT-CALDERA

183. Defendants deny the allegations set forth in paragraph 183 of the Complaint.

184.   Defendants deny the allegations set forth in paragraph 184 of the Complaint.

185.   Defendants deny the allegations set forth in paragraph 185 of the Complaint.

186.   Defendants deny the allegations set forth in paragraph 186 of the Complaint.

187.   Defendants deny the allegations set forth in paragraph 187 of the Complaint.

188.   Defendants deny the allegations in paragraph 188 of the Complaint.

## INJUNCTION-MARTINEZ AND ARELLANO

189.   Defendants deny the allegations in paragraph 189 of the Complaint.

190.   Defendants deny the allegations in paragraph 190 of the Complaint.

191.   Defendants deny the allegations set forth in paragraph 191 of the Complaint.

192.   Defendants deny the allegations set forth in paragraph 192 of the Complaint.

193.   Defendants deny the allegations set forth in paragraph 193 of the Complaint.

194.   Defendants deny the allegations set forth in paragraph 194 of the Complaint.

195.   Defendants deny the allegations set forth in paragraph 195 of the Complaint.

196. Defendants deny the allegations set forth in paragraph 196 of the Complaint.

197. Defendants deny the allegations set forth in paragraph 197 of the Complaint.

198. Defendants deny the allegations set forth in paragraph 198 of the Complaint.

199. Defendants deny the allegations set forth in paragraph 199 of the Complaint.

200. Defendants deny Plaintiffs are entitled to an injunction as referenced in paragraph 200 of the Complaint.

## GENERAL DENIAL

Defendants deny all allegations in the Complaint not specifically admitted above.

## DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted, at least in part.

2. Defendants owed no duty to Plaintiffs Ivon Martinez and Alexandra Castruita Arrellano.

3. Plaintiffs Ivon Martinez and Alexandra Castruita Arrellano lack standing.

4. Plaintiffs' claims may be barred or limited by their own conduct based on the doctrine of comparative negligence or otherwise.

5. Plaintiffs' claims may be barred or limited by the doctrine of judgmental immunity.

6. Plaintiffs' claims may be barred or limited by waiver or estoppel.

7. Plaintiffs' claims may be barred or limited by the doctrine of privilege.

8.    Plaintiffs' claims may be barred or limited by the applicable statute of limitations.

9.    Plaintiffs may have failed to mitigate their damages, if any, as required by law.

10.   Defendants reserve the right to assert additional defenses as supported by discovery or evidence in this case.

## JURY DEMAND

Defendants demand a jury trial pursuant to F.R.C.P. 38.

WHEREFORE, Defendants request the Court enter judgment in their favor and against Plaintiffs, for recovery of their attorney fees, for recovery of their costs, and for such further relief as the Court may deem appropriate.

Dated this 8th day of January 2026.

**GORDON REES SCULLY MANSUKHANI LLP**

*/s/ John M. Palmeri*

John M. Palmeri, Esq.
Andres M. Hermosillo, Esq.
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Phone (303) 534-5160
Fax: (303) 534-5161
jpalmeri@grsm.com
ahermosillo@grsm.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this 8th day of January 2026.

| | |
|---|---|
| Beth Klein | Sarah A. Logan |
| Beth Klein, P.C. | The Logan Firm, P.C. |
| 350 Market Street, Suite 310 | 4150 Darley Avenue, Suite 6 |
| Basalt, Colorado, 81621 | Boulder, Colorado 80305 |
| beth@bethklein.com | sarah@loganfirm.us |

*/s/ Linda J. Bustos*