IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:25-cv-03979-PAB-CYC

IVON GONZALEZ MARTINEZ; ADRIAN CUEVAS CASTRUITA; MARTHA CELENE ARELLANO; ALEXANDRA CASTRUITA ARELLANO; and JESUS ARRENDONDO CALDERA,

Plaintiffs,

v.

FRANCES CHRISTINE MENESES; and MENESES LAW PLLC, a Texas Professional Limited Liability Company,

Defendants.

**PLAINTIFFS' MOTION TO RENEW AND/OR FOR RECONSIDERATION OF MINUTE ORDER (ECF 49) AND, IN THE ALTERNATIVE, FOR LEAVE TO SERVE REQUESTS FOR PRODUCTION NOS. 51-58 AND ADDITIONAL REQUESTS**

Plaintiffs ask the Court to reconsider the portion of its October 6, 2026 Minute Order that denied relief from the 50-request limit in Section 8(c) of the Scheduling Order (ECF 27), and to permit Plaintiffs to proceed on the eight requests Defendants have refused to answer, Requests for Production Nos. 51-58, on a showing of good cause tied to each request, and to permit additional requests based upon the complexity of the case, the technical terminology Defendants use for their systems, and the recent addition of the CCPA claim.

The Minute Order says a change of counsel is not good cause. Plaintiffs did not rely on that point. The Motion rested on the scope and complexity of this multinational legal malpractice case, Defendants' document practices, gaps in Defendants' production, and the burden of unequal discovery, and the discovery record since then shows concretely why the eight requests are needed.

**CERTIFICATE OF CONFERRAL (D.C.COLO.LCivR 7.1(a))**

Defendants' prior position: opposed. See ECF 59 at 5-6. The undersigned attempted to confer with Defendants on October 19 and 20, 2026, and received no response.

**BACKGROUND**

1. On March 3, 2026, the Court entered the agreed Scheduling Order (ECF 27). Section 8(c) limits each side to 50 requests for production and 50 requests for admission, and Section 13 permits modification on a showing of good cause.

2. Plaintiffs served their First Set (Nos. 1-30) and, on May 21, 2026, their Second Set (Nos. 31-58). Defendants answered Nos. 1-50 on July 1, 2026. They refused Nos. 51-58 on one ground only: that the requests exceed the cap. [Ex. A, Defs.' Responses to Second Set, Nos. 51-58.] Defendants raised no relevance, privilege or burden objection to those eight requests, and reserved the right to supply them.

3. Plaintiffs moved to modify the Scheduling Order on August 24, 2026 (ECF 49) (the "Motion"). The Court granted the motion as to the stipulated fact, denied it as to the number of requests "for lack of good cause," and held that "[a] change of counsel is not good cause."

**ARGUMENT**

**A. Reconsideration is warranted to correct a ruling that addressed one ground and not the others.**

A court may reconsider an interlocutory ruling to correct clear error, to prevent manifest injustice, or in light of new evidence that was not previously available. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) [cite-check]. The Minute Order denied relief because "[a] change of counsel is not good cause." The Motion offered more than that. It identified the complexity of this multinational, multilingual case, specific gaps in Defendants' production (Mot. ¶¶ 7-10), the scale of a defense-side discovery burden that Plaintiffs had

already met in full (¶¶ 3, 11), and a firm-wide process alleged to have begun in 2021 (¶ 7). Plaintiffs do not ask the Court to revisit the change-of-counsel holding. They ask it to consider the remaining grounds, together with the record developed since then, which is evidence that was not available when the Motion was filed.

**B. Plaintiffs have shown good cause under Rule 16(b)(4) for the eight requests.**

Good cause under Rule 16(b)(4) turns on the movant's diligence in meeting the scheduling order's deadlines and limits. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) [cite-check]. Plaintiffs acknowledged that the two sets together exceeded the cap by eight (Mot. ¶ 5). Defendants answered the first 50 and refused the last eight, and conferral on the limit followed in July and August, before the Motion was filed on August 24, 2026 [confirm dates, ECF 59 Ex. B]. The question for good cause is not whether the cap was exceeded, but whether Plaintiffs have a specific, diligent reason to need these eight requests. They do, request by request.

| No. | Subject | Why Plaintiffs need it | What the record shows |
|---|---|---|---|
| 58 | Procedure for applying client signatures to declarations | Core allegation: declarations filed without client review or signature | RFPs 25-29 returned only fee agreements, case notes and the declarations themselves. No document shows how signatures were obtained. Defendants say all fraudulent declarations were "authorized" without saying how. |
| 55, 56 | Internal communications questioning declaration accuracy or client approval | Defendants' knowledge, the fraud claim, and the fiduciary duty claim | RFP 30 (complaints to management) returned nothing, yet employees raised concerns in resignation letters. Nos. 55-56 reach email, messaging, voicemail and meeting notes that RFP 30 does not. |
| 51 | Software and workflow steps on informing clients that VAWA requires abuse or extreme cruelty | Informed consent; CCPA omission theory | RFPs 46 and 48 reach marketing and client communications. Neither reaches the system's design. RFP 8 (software contract) drew only objections. |
| 52 | Document retention policies | Missing interview recordings, the missing final declaration, and missing email communications from Meneses to the clients. | Clients were told interviews would be recorded (Mot. ¶ 8). Defendants state that no recordings exist (RFP 2; RFPs 3-5). The retention policy explains whether they were lost, destroyed or never kept. |

| No. | Subject | Why Plaintiffs need it | What the record shows |
|---|---|---|---|
| 53, 54 | Grievances, complaints and settlements over alleged VAWA fraud | Notice and knowledge; public impact under the CCPA | RFP 21 returned only the April 1, 2025 DTPA notice, although Plaintiffs' counsel has advised that claims over VAWA declarations date from 2024. |
| 57 | Use of business models and systems from Ally Lozano, LLC or Alexandra Lozano Immigration Law PLLC | Origin and design of the process alleged to be fraudulent | Plaintiffs allege that Defendants copied the systems and hired the key personnel. No other request reaches that source. |

These are the same subjects Plaintiffs have pursued in conferral since August, and Defendants' own responses show that the existing requests were not answered.

**C. The requests are proportional, and Defendants identified no burden.**

The Federal Rules set no numerical limit on requests for production. The cap here exists only by agreement of the parties, and the question under Rule 26(b)(1) is relevance and proportionality. Defendants raised no relevance, privilege or burden objection to Nos. 51-58. On several of the subjects, Defendants say few or no documents exist (RFPs 3-5, 15, 30, 45, and the Oct. 15 letter on RFP 46), which suggests the burden is small. The requests are also a fraction of what the case requires.

**D. Additional discovery is needed.**

Since the filing of the motion, Plaintiffs have become aware that USCIS has started serving Notices of Intent to Deny client immigration applications based upon inconsistency and fraud. Defendants have not produced a single internal communication. Nothing has been produced concerning the development of the VAWA declaration system. Defendants demand that specific numbers be included in the Complaint, such as the number of Colorado clients who have signed with Defendants for representation in a VAWA claim and the number of phone calls and electronic communications Defendants received in response to their more than 13,000 VAWA ads.

RELIEF REQUESTED

Plaintiffs respectfully request that the Court:

1. Reconsider the portion of the October 6, 2026 Minute Order denying relief from Section 8(c) of the Scheduling Order;

2. Grant Plaintiffs leave to serve, and require Defendants to respond to, Requests for Production Nos. 51-58 as served on May 21, 2026, within 21 days of the Court's order or on a schedule the Court sets; and

3. In the alternative, grant leave to serve additional Requests for Production now contemplated by the CCPA claim.

Dated: October 20, 2026

*s/ Beth A. Klein*
***Beth A. Klein***
BETH KLEIN, P.C.
350 Market Street, Suite 310
Basalt, Colorado 81621
Telephone: (303) 448-8884
beth@bethklein.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to all counsel of record.

*s/ Beth A. Klein*